## Swift Coal & Timber Company v. Holcomb, Jr. (Bug.)

(Decided October 13, 1925.)

### Appeal from Letcher Circuit Court.

1. Quieting Title—Evidence Held to Show that Deed Conveyed Property in Dispute to Defendant in View of Construction of Parties.— In suit to quiet title, evidence held to show that deed describing property in dispute as "beginning on a hickory and a maple on the north side of said creek," etc., conveyed such property to defendant, in view of long-continued conduct of parties evidencing such understanding.

2. Jury—Defendant Entitled to Jury Trial in Suit to Quiet Title, where Title to Land in Issue.—In a suit to quiet title, where question of title to land was in issue, defendant was entitled to a jury trial.

D. D. FIELDS & DAY for appellant.

DAVID HAYS for appellee.

Opinion of the Court by Commissioner Hobson—
Affirming.

The Swift Coal & Timber Company brought this action against O. G. Holcomb, Jr., alleging that it was the owner and in possession of the land described in the petition and that the defendant O. G. Holcomb, Jr., was trespassing upon the land without right and setting up a claim to it. They prayed that he be enjoined from claiming the land or trespassing upon it and that it be adjudged the owner of the land and that its title and possession be quieted. The defendant by answer controverted the allegations of the petition and alleged that he was the owner and in possession of the land and that he and those under whom he claimed had been in the actual adverse possession of the land, claiming it under deeds and a well marked boundary for over thirty years. The allegations of the answer were denied by reply. On motion of the defendant the case was transferred to the ordinary docket for a jury trial on the question of title. The case was heard before a jury who returned a verdict for the defendant. The plaintiff appeals.

The plaintiff claims the land under a patent from the Commonwealth to William H. Loyd for 22,000 acres, less a number of older patents, which are excepted in the grant. The patent was issued on March 2, 1874. One of the exceptions from the grant is: "Henderson Holcomb one thousand and fifty acres." The only patent introduced on the trial to Henderson Holcomb was a patent for 500 acres issued to Henderson Yearly, and it is shown that he went by both the names of Holcomb and Yearly. The defendant pleaded that his grandfather and those holding under him had taken possession of a body of land, including the land in controversy, and had held it for over forty years and that they did not know the real location of this 500 acre survey. The defendant produced on the trial a deed from J. A. Holcomb to him, dated February 16, 1888, and also a deed from Henderson Holcomb to J. A. Holcomb, dated February 11, 1881, and showed that J. A. Holcomb and those holding under him had held adverse possession of the land embraced in these deeds since that date by actually living upon the tracts and clearing, inclosing and cultivating land outside of the Yearly patent and inside of the Loyd patent. So the first question in the case is whether the deed to O. G. Holcomb from J. A. Holcomb covers the land in

dispute. The deed specifies the boundary in these words:

> "Beginning on a hickory and maple on the north side of said creek about fifty (50) poles below the mouth of Big branch, thence up the hill northward to the top of the point between the big branch and the branch that runs down where said J. A. Holcomb lives, thence with the top of said point to said Holcomb north line at a five hundred acre survey, thence with said line westward to H. C. Holcomb's deeded line on the big branch, thence down with said branch to the creek, thence down with the creek to the beginning."

The beginning point on the creek is admitted. It is shown in the proof that the five hundred acre survey if run out according to its calls does not include the land in controversy. It is also shown that if it is run out according to its calls the shape of the land does not correspond with the plot, and that if run out according to the plot from the admitted beginning corner it does not include the land in controversy. It also appears from the proof that if the five hundred acre patent is run out according to its calls the line of that patent will cross the first line of appellee's deed far below J. A. Holcomb's north line, and it is insisted for the appellant that this line should stop at the line of the 500 acre patent. It is insisted for the appellee that it should be extended to J. A. Holcomb's north line. The deed to J. A. Holcomb shows that his north line is on top of the cliff and that to extend the line in controversy to his line will include the land in controversy. Not only so, if the line is run westward from that point it will strike H. C. Holcomb's line. It also appears that about the same time and on February 16, 1888, O. G. Holcomb got a deed from Henderson C. Holcomb for the land lying west of the big branch at this point. It further appears that the outside boundary is marked by hacks on the trees, which appear very old. In view of the fact shown by the evidence that the parties did not know where the lines of the Yearly patent ran and the fact that J. A. Holcomb's line undoubtedly, according to his deed, runs with the top of the ridge, the court concludes that the circuit court properly instructed the jury. The conduct of the parties at the time and their conduct since clearly shows that this was the way they understood the deeds

at the time they were made. This is also shown by the three deeds when read together, and on the whole case there was no substantial error here to the prejudice of the appellant.

The question of the title to the land being in issue the defendant was entitled to a jury trial and the court did not err in transferring the case to the ordinary docket for trial. Ky. Land Co. v. Ison, 210 Ky. 121.

Judgment affirmed.